# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT HENSLEY,

    Petitioner,                               Civil No. 2:10-CV-11442
                                               HONORABLE VICTORIA A. ROBERTS
v.                                          UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY.

Scott Hensley, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for malicious destruction of a building over $1,000 to $20,000, M.C.L.A. 750.380(3)(a), first-degree home invasion, M.C.L.A. 750.110a(2), and being a fourth felony habitual offender, M.C.L.A. 769.12. Petitioner filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance, to permit him to return to the state courts to present additional unexhausted claims that are not included in his current habeas petition. Petitioner also requests this Court to order the respondent to provide him with a complete copy of all of the investigative police reports, including photographic evidence.

For the reasons stated below, the Court holds the petition in abeyance and stays the

1

proceedings under the terms outlined in this opinion, to permit Petitioner to return to the state courts and exhaust his additional claims. If this fails, the petition will be dismissed without prejudice. The Court will also administratively close the case. The Court denies Petitioner's request for discovery without prejudice.

**I. Background**

Petitioner was convicted of offenses following a jury trial in the Monroe County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hensley,* No. 280781 (Mich.Ct.App. January 20, 2009); *lv. den.* 483 Mich. 1113; 766 N.W. 2d 842 (2009); *reconsideration den.* 485 Mich. 931; 773 N.W. 2d 700 (2009).

On April 7, 2010, Petitioner filed this application for writ of habeas corpus.[1] Petitioner seeks habeas relief on the four grounds that he raised in the state courts on his direct appeal: (i) Petitioner was denied his right to confrontation because the interpreter for a witness interfered with his right to cross-examine that witness; (ii) improper jury instruction on a unanimous jury verdict; (iii) insufficient evidence to convict Petitioner of first-degree home invasion; and (iv) trial counsel was ineffective for failing to seek an instruction on a lesser included offense.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims not exhausted with the state courts.

**II. Discussion**

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on April 7, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002)(Lawson, J.); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(Tarnow, J.). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008)(Tarnow, J.); *Williams v. Trombley,* No. 2006 WL 36755, * 2 (E.D. Mich. January 4, 2006)(Roberts, J.); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by

3

the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner did here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, Petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v.*

4

*Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721*; See also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Monroe County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has also moved for this Court to order the Monroe Police Department to

5

provide him with the investigative police reports, including a complete color copy of the photographic evidence that was used as evidence. Petitioner claims that this evidence is necessary for him to pursue his post-conviction remedies. Petitioner indicates that he has filed a motion for the production of documents, but does not indicate where he filed this motion, or whether the motion has been adjudicated.

28 U.S.C. § 2250 states:

"If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."

The Court denies petitioner's request for this evidence from his state criminal conviction; this evidence is not on file with the clerk's office for the United States District Court for the Eastern District of Michigan. *See Irby v. Swenson,* 361 F. Supp. 167, 168 (E.D. Mo. 1973). Moreover, Petitioner has not specified why this photographic evidence is needed for him to prepare his state post-conviction motion. A "blanket and noncommittal request" for documents by a habeas petitioner is insufficient to enable a federal court to make a determination of necessity pursuant to § 2250. *See Cassidy v. United States,* 304 F. Supp. 864, 867 (E.D Mo. 1969); *See also Morton v. Warren,* No. 2008 WL 4386840, * 5 (E.D. Mich. September 24, 2008); *See also United States v. Chambers,* 788 F. Supp. 334, 338 (E.D. Mich. 1992)(federal criminal defendant not entitled to production of trial transcripts on his "bald assertion" that he needed them to

6

prepare § 2255 post-conviction motion to vacate sentence). In light of the "brief and conclusory nature" of Petitioner's request for the production of this evidence, Petitioner's motion for the production of this evidence will be denied without prejudice. *Cassidy,* 304 F. Supp. at 868.

### III. ORDER

Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the Petitioner's exhaustion of the claims. Petitioner must re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Petitioner's motion for discovery is denied without prejudice.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 20, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 20, 2010.
>
> s/Linda Vertriest
> Deputy Clerk